UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DARWIN J. FIFIELD, SR.,

　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　CASE NO. 5:18-cv-309-Oc-02PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

　　Respondents.
_____/

## ORDER

Petitioner, a Florida prisoner, instituted this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and is proceeding on his amended petition. (Doc. 9). At the Court's direction, Respondents responded to the amended petition and filed relevant portions of the state court record. (Docs. 21, 22). Petitioner filed a reply. (Doc. 30). The Court has reviewed the entire record. Because the Court may resolve the amended petition on the basis of the record, an evidentiary hearing is not warranted. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(a). Upon consideration, the Court concludes that the petition is due to be dismissed.

### I.　BACKGROUND

Petitioner was charged by amended information with two counts of lewd or lascivious molestation of a child less than 12 years old by a person 18 years of age or older. (Doc. 22-2 at 34-37). On June 4, 2015, a jury found Petitioner guilty on both

counts as charged. (Doc. 22-13 at 64-65). On July 9, 2015, Petitioner was sentenced to thirty-five years' incarceration followed by lifetime sex offender probation. (Doc. 22-13 at 114-21). Petitioner appealed. (Doc. 22-13 at 131). On April 12, 2016, Florida's Fifth District Court of Appeal ("Fifth DCA") *per curiam* affirmed the judgment. (Doc. 22-14 at 1163); *see also Fifield v. State*, 190 So. 3d 647 (Fla. 5th DCA 2016) (Table). Mandate issued on June 2, 2016 (Doc. 22-15 at 139), and rehearing was denied on June 6, 2016 (Doc. 22-15 at 141). On June 17, 2016, Petitioner filed a motion for a written opinion. (Doc. 22-15 at 144-47). On June 27, 2016, the Fifth DCA struck the motion as unauthorized. (Doc. 22-15 at 149).

On June 17, 2016, Petitioner filed a petition alleging ineffective assistance of appellate counsel in the Fifth DCA. (Docs. 22-15 at 151, 22-16 at 1-28). The State filed a motion to dismiss the petition as facially insufficient. (Doc. 22-16 at 33-37). Petitioner filed a "Respons [sic] to the State Attorney General Petition to Tryin [sic] Stop the Appellant His Due Process of Law" as a reply, (Doc. 22-16 at 39-53), and supplemented his reply with "The Missing Pages" (Doc. 22-16 at 55-76). By Order dated September 6, 2016, the Fifth DCA granted the Respondent's motion to dismiss. (Doc. 22-17 at 2).

On October 31, 2016, Petitioner filed a *pro se* Rule 3.850 motion for postconviction relief. (Doc. 22-17 at 4-33). On May 8, 2017, Petitioner's claims of ineffective assistance of counsel were dismissed without prejudice to re-file and the remaining claims were denied as procedurally barred. (Doc. 22-17 at 35-72). The postconviction court further noted that Petitioner's oath was improper and thus the

motion, in its entirety, was facially insufficient. (Doc. 22-17 at 35). On June 19, 2017, Petitioner filed his amended Rule 3.850 motion. (Doc. 22-17 at 74-133). On July 20, 2017, the postconviction court entered an order denying with prejudice the motion as "facially insufficient in multiple respects." (Doc. 22-17 at 135-253). Petitioner did not appeal.

On October 24, 2017, Petitioner filed a motion for successive 3.850 motion 3.580(H)(2). (Docs. 22-17 at 255-77; 22-18 at 1-31). On December 22, 2017, the motion was denied, pursuant to Florida law, for raising some claims that were previously denied on the merits and for failing to state good cause why he did not raise newly pled grounds in his initial two motions. (Doc. 22-18 at 33-195). On February 1, 2018, Petitioner submitted a handwritten "Judicial Notice" deemed to be a notice of appeal. (Doc. 22-18 at 197). On February 12, 2018, the Fifth DCA ordered Petitioner to "file a signed, amended Notice of Appeal, within fifteen days of the date hereof, that contains a proper certificate of service reflecting that a copy of the notice was furnished to" the Appellee, and to show cause within fifteen days as to why his untimely appeal should not be dismissed for lack of jurisdiction. (Doc. 22-18 at 199). On February 19, 2018, Petitioner submitted his response to the order to show cause with a filing titled "Order to Show Cause." (Doc. 22-19 at 16-28). On March 23, 2018, the Fifth DCA dismissed the appeal for lack of jurisdiction. (Doc. 22-19 at 30). Petitioner filed a motion for rehearing that the Fifth DCA denied on April 30, 2018. (Doc. 22-19 at 68).

On January 24, 2018, Petitioner filed a motion for extension of time with the Fifth DCA. (Doc. 22-19 at 70-83). On January 31, 2018, the Fifth DCA treated the

motion as a petition for belated appeal and directed Petitioner to file an amended petition "that complies with the content requirements of Florida Rule of Appellate Procedure 9.141(c)(4)" within fifteen days. (Doc. 22-19 at 85). Petitioner filed his amended petition on February 7, 2018. (Doc. 22-19 at 87-97). On February 14, 2018, Petitioner was ordered to submit an amended petition for belated appeal that contains a proper certificate of service. (Doc. 22-19 at 99). On February 20, 2018, Petitioner filed his second amended petition for belated appeal. (Doc. 22-19 at 101-16). On February 27, 2018, the Fifth DCA denied the petition for belated appeal, the amended petition, and the second amended petition. (Doc. 22-19 at 118).

Petitioner filed his initial petition for writ of habeas corpus in this Court on June 15, 2018. (Doc. 1). He filed his amended petition on July 9, 2018. (Doc. 9). Respondents filed a response, arguing that the amended petition should be dismissed with prejudice as unexhausted, in part, and on the merits, in part. (Doc. 21). Petitioner filed a reply. (Doc. 30). Thus, the amended petition is ripe for review.

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently that [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1]

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider

*Id.* Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. Standard for Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The petitioner must "prove, by a preponderance of the evidence, that counsel's

---

evidence not presented to state court in determining whether its decision was contrary to federal law).

6

performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

Petitioner's burden to demonstrate *Strickland* prejudice is also high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## C. Exhaustion

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just

the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). In addition, a federal habeas court is precluded from considering unexhausted claims that would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994). Therefore, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750.

A petitioner can avoid the application of procedural default by establishing: (1) objective cause for failing to properly raise the claim in state court; and (2) actual prejudice from the alleged constitutional violation. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray*, 477 U.S. at 479-

80. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

## III. ANALYSIS

### A. Ground One

Ground One is set forth in an unclear manner. Petitioner claims that a State witness testified that the Petitioner sexually abused her cousin, however, when her cousin was questioned, her cousin denied it and indicated that the State witness was lying. (Doc. 9 at 4). Petitioner claims that this witness was not allowed to testify. *Id.* Petitioner does not name this alleged State witness.

It is not clear if Petitioner ever presented this claim to the state courts, but if he did it was not exhausted. On direct appeal, Petitioner argued that it was error to limit

cross-examination of a state witness,[2] exclude a defense witness,[3] and to limit his argument based on findings that the proposed testimony and argument were irrelevant. *See* Doc. 22-14 at 1106. All of Petitioner's attempts at filing motions for postconviction relief pursuant to Rule 3.850 were dismissed or denied on procedural grounds. *See* Docs. 22-17 at 35-72; 22-17 at 135-253; 22-18 at 33-195. Petitioner's appeal of his successive postconviction motion was dismissed for lack of jurisdiction (Doc. 22-19 at 30) and his petitions for belated appeal were denied (Doc. 22-19 at 118). Accordingly, only the claims presented in the direct appeal were exhausted.[4]

Because Petitioner did not properly present Ground One to the state court, it is unexhausted. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has

---

[2] At trial, the State played the recording of Detective Whiteside's interview of Petitioner. *See* Doc. 22-14 at 650-93, 724-737. During the interview, Detective Whiteside questioned Petitioner about allegations that he took naked pictures of his niece Sadie. *Id.* at 725-26. On cross-examination, Petitioner asked Detective Whiteside about Sadie's interview with the Child Protection Team where Sadie denied being abused by Petitioner. *Id.* at 760-65. Petitioner sought this testimony to suggest that the victim made up the allegations that he abused her because the victim made up the allegations regarding Sadie.

[3] The witness, Brian Mauer, would have testified that Petitioner was physically abused in jail and his mail and legal papers were tampered with. (Doc. 22-14 at 1116). This testimony would be presented to argue that Petitioner was falsely accused and the abuse he suffered in jail was intended to get him to enter a plea to an offense he had not committed. *Id.*

[4] Petitioner filed a "Motion for Ineffective Assistance of Appellate Counsel" in the state appellate court. (Doc. 22-15 at 131-51; 22-16 at 1-28). Petitioner argued that his appellate counsel failed to argue that a conspiracy existed involving State circuit court judges, the State Attorney's Office, the Sheriff's Office, and his appointed attorneys. The State moved to dismiss the motion as facially insufficient for being improperly sworn under Florida Rule of Appellate Procedure 9.141(d)(4)(F). (Doc. 22-16 at 33-37). The Fifth DCA granted the motion to dismiss. (Doc. 22-17 at 2).

*properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts.") (emphasis in original); *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) ("A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default.").

Petitioner has failed to show cause and prejudice for the default, and there is nothing in the record that suggests a fundamental miscarriage of justice would result if the Court does not consider the claim.

Even if this claim was exhausted in the State court, Petitioner is not entitled to relief. Petitioner fails to present a federal question or constitutional violation. He does not indicate what, if any, constitutional violation took place.

### B. Ground Two

Petitioner had stand-by counsel but conducted cross-examination. Petitioner claims the trial judge interfered with his ability to cross-examine witnesses by placing a time limit on his cross-examination and stopped him when the time was up. (Doc. 9 at 5-7). Petitioner does not state which witness or witnesses he was prevented from cross-examining and does not state what questions he was prevented from asking.

This claim is predicated entirely on the assertion that the trial court misinterpreted and/or misapplied Florida law. As such, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is "a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-

guess them on such matters." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005). So, for the purpose of this case, even if the trial court and the appellate court got it wrong, it is not for a federal habeas court to review that determination. And that is true even though the petition is "couched in terms of ... due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citation omitted).

Petitioner argued in his initial brief that the trial court limited cross-examination of Detective Whiteside based on a finding that the cross-examination concerned irrelevant matters. (Doc. 22-14 at 1124-29). However, the argument was made exclusively on the basis of state law. While a brief mention was made regarding due process, no citation whatsoever was made to any federal decisional authority. See Doc. 22-14 at 1124-29. As such, the federal claim is unexhausted and procedurally defaulted. *Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 849-850 (11th Cir. 2008) and *Cook v. McNeil*, 266 F. App'x 843, 845-846 (11th Cir. 2008) both involved the same flaw as presented here, and the petitions in both cases were dismissed on the grounds of failure to exhaust and procedural default.

Liberally construing Petitioner's claim,[5] and assuming *arguendo* that he has overcome the procedural bar, it appears that he is attempting to claim that his Sixth Amendment right to confrontation was violated. "The Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross-examination the testimony of witnesses for the prosecution." *United States v. Baptista–Rodriguez*, 17

---

[5] The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

F.3d 1354, 1370 (11th Cir. 1994). The right to cross-examine is not, however, absolute. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Specifically, the Supreme Court has held that "trial judges retain wide latitude ... to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.*

Further, the Supreme Court has never decided that the Confrontation Clause affords a defendant the right to cross-examine a witness as to irrelevant matters. Moreover, the Eleventh Circuit has held that the "the Sixth Amendment only protects cross-examination that is *relevant*." *Jones v. Goodwin*, 982 F.2d 464, 469 (11th Cir. 1993) (internal quotation marks omitted). For evidence to be relevant for impeachment purposes, it must actually contradict or impeach the witness's testimony at trial or evidence presented in the state's case. *See id.* at 469–70 (providing that, because the jury received no evidence of the victim's pre-rape virginity, the petitioner's desire to impeach the victim's out-of-court virginity statement was of "no constitutional moment;" the petitioner merely sought to establish that the victim had previously told an "out of court lie").

Here, even if Petitioner adequately raised a federal confrontation clause claim in his direct appeal to the Fifth DCA, he has not shown that he is entitled to habeas relief. The questions that Petitioner sought to ask Detective Whiteside were not relevant to whether Petitioner had committed the alleged acts. Although Petitioner asserts that the questions addressed the victim's potential bias or motive to lie, the

potential testimony would not reach those conclusions.

During interview between Detective Whiteside and Petitioner, Detective Whiteside asked why *people* would be saying that Petitioner abused Sadie, the victim's step-sister. (Doc. 22-14 at 724-25). Whiteside never said it was the victim that accused Petitioner of abusing Sadie. *Id.* On cross-examination, Petitioner said that *the victim* accused him of touching Sadie. *Id.* at 761. Petitioner asked Whiteside if he had seen the DVD of Sadie's interview at Kimberly Cottage. *Id.* at 763-64. Whiteside stated that he had. *Id.* at 764. Petitioner then asked Whiteside if Sadie had denied any wrongdoing by Petitioner and the State objected. *Id.* Petitioner had not been charged with any activity involving Sadie and the Court asked him how that information was relevant:

> THE DEFENDANT: Because it shows that I was accused of that too and it wasn't true by the one that's accusing me.
> THE COURT: The State opted not to file. I think that case is closed.
> THE DEFENDANT: But I'm trying to show where her truthfulness of trying to say I did it with someone else too. And when they investigated it showed that I didn't.
> THE COURT: Is Sadie going to be a witness?
> MS. HARPER: No, Judge.
> THE COURT: Then those questions are irrelevant. Please move on.

*Id.* at 764-65. There was no testimony regarding who made the initial accusations involving Sadie. Further, anything involving Sadie would be irrelevant as Sadie was not a State witness, and whatever occurred between the two was not brought into the trial by the State. Finally, there was no testimony to show that Sadie would have been in a position to know whether the victim was lying regarding the victim's claims as she

14

was never there when the acts took place. Both Petitioner and his stand-by counsel cross-examined the victim. *Id.* at 421-496. Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this claim on direct appeal. Ground two warrants no federal habeas corpus relief. *See* 28 U.S.C. § 2254(d)(1), (2).

C.  **Ground Three**

Petitioner claims that the trial court erred by not allowing a defense witness to testify. (Doc. 9 at 7-8). Petitioner states that Brian Mauer was an eye-witness to the "brutal physical torture by the Marion Co. Sheriff against the Petitioner" and an eye-witness "to the Sheriff staff destroying and taking the Petitioner['s] legal work to prevent the Petitioner a chance of a fair trial the police used physical torture severe pain as a 'weapon' to try to force the Petitioner to take a state plea." *Id.* at 7.

On direct appeal, Petitioner argued that it was error to exclude a defense witness because the testimony, and argument regarding his malicious prosecution theory, were not irrelevant because a theory of the case and a legal defense to the charged crime are not always one and the same. (Doc. 22-14 at 1120-21). In response, the State argued that even if Mauer's testimony was true, it had no bearing on Petitioner's trial and especially whether Petitioner committed the two counts of lewd and lascivious molestation. (Doc. 22-14 at 1142-43). Mauer's testimony would not tend to establish reasonable doubt of Petitioner's guilt. *Id.*

The right to present witnesses in one's own defense in a criminal trial lies at the core of the Fifth and Fourteenth Amendments' guarantee of due process of law.

*Washington v. Texas*, 388 U.S. 14, 19 (1967). In reviewing the evidentiary determination of a state trial judge, the federal court does not sit as a "'super' state Supreme Court." *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983). The general rule is that a federal court will not review a trial court's actions with respect to the admission of evidence. *Id.; Nettles v. Wainwright*, 677 F.2d 404, 414 (5th Cir. 1982) (citing *Lisenba v. California*, 314 U.S. 219, 228 (1941)); *see also Nevada v. Jackson*, 596 U.S. 505, 509 (2013) ("rarely [has the Supreme Court] held that the right to present a complete defense was violated by the exclusion of defense evidence under a state rule of evidence."). Before habeas relief may be granted because of a state court's erroneous evidentiary ruling, the violation must rise to the level of a denial of "fundamental fairness." *Nettles*, 677 F.2d at 414.

Fundamental fairness is violated when the evidence excluded is material in the sense of a crucial, critical, highly significant factor. *Boykins v. Wainwright*, 737 F.2d 1539, 1544 (11th Cir. 1984). Petitioner fails to show that the exclusion of this witness deprived him of a fundamentally fair trial. Petitioner was able to present multiple defense theories to insert reasonable doubt of his guilt: the victim lied because he took away her computer, a horse, and privileges of riding on a four-wheeler; the victim lied to protect her mother whom Petitioner claims was physically abusive to the victim; the victim lied because her mother wanted Petitioner out of the way because her mother owed him thousands of dollars; that he personally witnessed Dustin, the victim's mother's boyfriend, sexually abuse the victim; and that law enforcement broke his shoulder and didn't provide him medical care.

In sum, the exclusion of Mauer's testimony did not affect the fundamental fairness of Petitioner's trial. Thus, the decisions of the trial court and the Fifth DCA were not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Ground Three does not warrant federal habeas relief.

### D. Grounds Four through Forty-two

Petitioner raises "39 more ground[s]" that he claims he "raised first in the 5th Cir. Court 3.850 & 3.850(h)(2)." (Doc. 9 at 8, 12-31). As discussed above, all of Petitioner's postconviction motions were dismissed on procedural grounds. Accordingly, each of these 39 grounds are unexhausted and procedurally barred.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Petitioner's amended petition for writ of habeas (Doc. 9) is without merit and procedurally barred and, thus, dismisses the petition with prejudice. The Clerk is instructed to enter judgment accordingly, terminate any pending motions, and close the file.

In addition, a certificate of appealability and leave to appeal in forma pauperis are denied. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). "A [COA] may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)

(internal citation and quotation omitted), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation and citation omitted). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis at this time.

**DONE AND ORDERED** at Tampa, Florida, on July 15, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, pro se